UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ALONZO ROE, | No. 2:15-cv-0629 DB |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment.[1] For the reasons explained below, plaintiff's motion is granted, defendant's cross-motion is denied, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

PROCEDURAL BACKGROUND

On June 21, 2011, plaintiff filed applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for Supplemental Security Income ("SSI") under Title XVI of the Act alleging disability beginning on June 15, 2008. (Transcript

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See Dkt. Nos. 9 & 11.)

1

("Tr.") at 20, 157-74.) Plaintiff's applications were denied initially, (id. at 89-98), and upon reconsideration. (Id. at 103-09.)

Thereafter, plaintiff requested a hearing which was held before an Administrative Law Judge ("ALJ") on February 26, 2013. (Id. at 39-61.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 38-39.) In a decision issued on March 11, 2013, the ALJ found that plaintiff was not disabled. (Id. at 33.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2011.
>
> 2. The claimant has not engaged in substantial gainful activity since June 15, 2008, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments: degenerative disk disease; cardiomyopathy; asthma; gout and hypertension (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can perform light work. He can stand and or walk up to a total of four hours and sit up to six hours in an eight hour workday. He can occasionally climb ramps or stairs, but never climb ladders, ropes or scaffolds. He can never work around hazards, such as moving, dangerous machinery or unprotected heights. He can occasionally balance, stoop, kneel, crouch or crawl.
>
> 6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).
>
> 7. The claimant was born on September 11, 1966 and was 41 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).
>
> 8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).
>
> 9. The claimant has acquired work skills from past relevant work (20 CFR 404.1568 and 416.968).
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, the claimant has acquired work skills from past relevant work that are transferable to other

>  occupations with jobs existing in significant numbers in the national economy (20 CFR 404.1569, 404.1569(a), 404.1568(d), 416.969, 416.969(a), and 416.968(d)).
>
>  11. The claimant has not been under a disability, as defined in the Social Security Act, from June 15, 2008, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Id. at 22-32.)

On January 22, 2015, the Appeals Council denied plaintiff's request for review of the ALJ's March 11, 2013 decision. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on March 20, 2015. (Dkt. No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

>  Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
>  Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.

3

        Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.

        Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled. If not, proceed to step five.

        Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

        The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

        In his pending motion plaintiff asserts that the ALJ erred in finding that plaintiff's obesity was not a severe impairment at step two of the sequential evaluation.  (Pl.'s MSJ (Dkt. No. 17) at 12-17.[2])  At step two of the sequential evaluation, the ALJ must determine if the claimant has a medically severe impairment or combination of impairments.  Smolen v. Chater, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citing Yuckert, 482 U.S. at 140-41).  The Commissioner's regulations provide that "[a]n impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities."  20 C.F.R. §§ 404.1521(a) & 416.921(a).  Basic work activities are "the abilities and aptitudes necessary to do most jobs," and those abilities and aptitudes include:  (1) physical functions such as walking, standing, sitting, lifting, and carrying; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting.  20 C.F.R. §§ 404.1521(b) & 416.921(b).

/////

---

[2]  Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

The Supreme Court has recognized that the Commissioner's "severity regulation increases the efficiency and reliability of the evaluation process by identifying at an early stage those claimants whose medical impairments are so slight that it is unlikely they would be found to be disabled even if their age, education, and experience were taken into account." Yuckert, 482 U.S. at 153. However, the regulation must not be used to prematurely disqualify a claimant. Id. at 158 (O'Connor, J., concurring). "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual[']s ability to work." Smolen, 80 F.3d at 1290 (internal quotation marks and citation omitted).

"[A]n ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is 'clearly established by medical evidence.'" Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 85-28); see also Ukolov v. Barnhart, 420 F.3d 1002, 1006 (9th Cir. 2005) (claimant failed to satisfy step two burden where "none of the medical opinions included a finding of impairment, a diagnosis, or objective test results"). "Step two, then, is 'a de minimis screening device [used] to dispose of groundless claims[.]'" Webb, 433 F.3d at 687 (quoting Smolen, 80 F.3d at 1290); see also Edlund v. Massanari, 253 F.3d 1152, 1158-59 (9th Cir. 2001) (discussing this "de minimis standard"); Tomasek v. Astrue, No. C-06-07805 JCS, 2008 WL 361129, at *13 (N.D. Cal. Feb.11, 2008) (describing claimant's burden at step two as "low").

The ALJ must consider a claimant's obesity at steps two through five of the sequential evaluation. SSR 02-1p, 2002 WL 34686281 (2002). Moreover, the ALJ must also consider obesity in combination with the individual's other impairments. Id. SSR 02-1p directs that "[the ALJ] will not make assumptions about the severity or functional effects of obesity combined with other impairments." Id. Instead, "[the ALJ] will evaluate each case based on the information in the case record." Id. However, if the record does not contain evidence of a functional limitation due to obesity, or an indication that obesity exacerbated another impairment, the ALJ is not required to consider a claimant's obesity in combination with other impairments. Burch v. Barnhart, 400 F.3d 676, 682 (9th Cir. 2005); see also Garcia v. Comm'r of SSA, 498 Fed. Appx.

1  710, 712 (9th Cir. 2012) (the ALJ's finding that obesity did not impact the RFC was proper where
2  the plaintiff "did not provide any evidence of functional limitations due to obesity which would
3  have impacted the ALJ's analysis") (internal quotation marks omitted); Hoffman v. Astrue, 266
4  Fed. Appx. 623, 625 (9th Cir. 2008) ("The ALJ's failure to consider Hoffman's obesity in relation
5  to his RFC was proper because Hoffman failed to show how his obesity in combination with
6  another impairment increased the severity of his limitations.").

7      Here, defendant argues that the ALJ did not commit reversible error by failing to consider
8  plaintiff's obesity at step two because the record does not indicate plaintiff's obesity exacerbated
9  his other symptoms. (Def.'s MSJ (Dkt. No. 18) at 9.) Dr. Jonathan Schwartz, an examining
10 physician, however, found that plaintiff suffered, "[j]oint pain, likely secondary to degenerative
11 joint disease . . . exacerbated by morbid obesity." (Tr. at 367.) The ALJ afforded "substantial
12 weight" to Dr. Schwartz's opinion, (id. at 30), and found that plaintiff's degenerative disc disease
13 constituted a severe impairment. (Id. at 22.) Moreover, plaintiff's treating physician, noted that
14 plaintiff was "[g]rossly obese," and discussed "bariatric surgery" with plaintiff. (Id. at 453.)

15     As noted above, the ALJ's conclusion that the claimant lacks a medically severe
16 impairment or combination of impairments is valid only when that conclusion is "clearly
17 established by medical evidence." Webb, 433 F.3d at 687. Here, it simply cannot be said that the
18 ALJ's conclusion that plaintiff's obesity was not a medically severe impairment was clearly
19 established by medical evidence. See Ortiz v. Commissioner of Social Sec., 425 Fed. Appx. 653,
20 655 (9th Cir. 2011) ("This is not the total absence of objective evidence of severe medical
21 impairment that would permit us to affirm a finding of no disability at step two."); Webb, 433
22 F.3d at 687 ("Although the medical record paints an incomplete picture of Webb's overall health
23 during the relevant period, it includes evidence of problems sufficient to pass the de minimis
24 threshold of step two."); Russell v. Colvin, 9 F.Supp.3d 1168, 1186-87 (D. Or. 2014) ("On
25 review, the court must determine whether the ALJ had substantial evidence to find that the
26 medical evidence clearly established that Ms. Russell did not have a medically severe impairment
27 or combination of impairments."); cf. Ukolov, 420 F.3d at 1006 ("Because none of the medical
28 opinions included a finding of impairment, a diagnosis, or objective test results, Ukolov failed to

1 | meet his burden of establishing disability.").

2 | Nor can it be said that the ALJ's error was harmless. See Stout v. Commissioner, Social Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006) ("We recognize harmless error applies in the Social Security context."). In this regard, not only did the ALJ fail to find plaintiff's obesity was a severe impairment at step two, the ALJ also failed to adequately discuss plaintiff's obesity later in the sequential evaluation. See Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007) (any step two error was harmless where "ALJ extensively discussed" condition "at Step 4 of the analysis"); see also Martinez v. Astrue, 630 F.3d 693, 698-99 (7th Cir. 2011) ("It is one thing to have a bad knee; it is another thing to have a bad knee supporting a body mass index in excess of 40. We repeat our earlier reminder that an applicant's disabilities must be considered in the aggregate."). Instead, the ALJ's discussion of plaintiff's obesity is essentially limited to asserting that "[w]ith regard to his obesity, his weight has remained relatively stable," that the "consultative and non-examining physicians [] considered his obesity in their opinions," and that plaintiff "has no lost weight upon direction." (Tr. at 28-29.)

Accordingly, the court finds that plaintiff is entitled to summary judgment in his favor with respect to his claim that the ALJ erred by failing to find at step two of the sequential evaluation that plaintiff's obesity constituted a severe impairment.

CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. See Benecke v. Barnhart, 379 F.3d 587, 595-96 (9th Cir. 2004). However, where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. Id. at 594.

Here, plaintiff argues that "additional proceedings are required" and the court agrees. In this regard, the ALJ erred at step two of the sequential evaluation by finding, without adequate

support, that plaintiff's obesity was not a severe impairment.  On remand, an ALJ shall recognize plaintiff's obesity as a severe impairment at step two and proceed with the remainder of the sequential evaluation process.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Dkt. No. 17) is granted;
2. Defendant's cross-motion for summary judgment (Dkt. No. 18) is denied;
3. The Commissioner's decision is reversed; and
4. This matter is remanded for further proceedings consistent with this order.

Dated:  January 17, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DLB1\orders.soc sec\roe0629.ord